

FILED
CLERK, U.S. DISTRICT COURT
8/27/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SHANJEET BRAR,<br>JEROME FRANKLIN, JR.,<br>PETER ARAFILES, JR., and<br>ANDRAE HAWKINS,<br><br>　　　　Defendants. | CR No. 2:24-CR-00519-HDV<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 1201(a)(1), (c),<br>2(a): Conspiracy to Commit<br>Kidnapping and Kidnapping; 18<br>U.S.C. § 981(a)(1)(C) and 28<br>U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1201(c)]

[ALL DEFENDANTS]

A.　OBJECT OF THE CONSPIRACY

　　Beginning on an unknown date and continuing to on or about October 27, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants SHANJEET BRAR, JEROME FRANKLIN, JR., PETER ARAFILES, JR., and ANDRAE HAWKINS knowingly conspired with each other and others known and unknown to the Grand

Jury, to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away Victim S.S., and hold Victim S.S. for ransom and reward and otherwise, and, in committing and in furtherance of the commission of the offense, to use a means, facility, and instrumentality of interstate and foreign commerce, namely, telephones, motor vehicles, and an interstate highway, in violation of Title 18, United States Code, Section 1201(a)(1).

B.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendants BRAR, FRANKLIN, ARAFILES, and HAWKINS, and others known and unknown to the Grand Jury, devised a plan to seize, confine, kidnap, abduct, and carry away a victim to steal from the victim.

2. Defendant BRAR would rent a vehicle to travel to and use in the kidnapping.

3. Defendants BRAR, FRANKLIN, ARAFILES, and HAWKINS, and others known and unknown to the Grand Jury, would use a stolen license plate and paper temporary license plate on the vehicles used in the kidnapping to conceal their identities.

4. The kidnappers would use physical force and violence, including by brandishing firearms and striking the victim, in order to seize, confine, kidnap, abduct, and carry away the victim.

5. The kidnappers would forcibly lift the victim into a vehicle in order to transport and conceal the victim as they fled the location.

6. Defendants BRAR, ARAFILES, and HAWKINS would travel to the victim's residence, while defendant FRANKLIN and another kidnapper held the victim, in order to burglarize the residence and steal valuables.

7. Defendant FRANKLIN and another kidnapper would hold, confine, seize, and keep watch over the victim while driving the victim on an interstate highway and elsewhere to ensure that the victim remained captive during the time necessary to burglarize the victim's residence.

8. Defendants BRAR, FRANKLIN, ARAFILES, and HAWKINS would use multiple cellular telephones to communicate and multiple vehicles to travel, including on an interstate highway, during the course of and in furtherance of the kidnapping.

C.  OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants BRAR, FRANKLIN, ARAFILES, and HAWKINS, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:  On October 20, 2023, defendant BRAR rented a Toyota RAV4 in Sacramento, California, to use in the kidnapping of Victim S.S. in Los Angeles County.

Overt Act No. 2:  On October 21, 2023, a co-conspirator stole a license plate from another vehicle in Palmdale, California, to place on the Toyota RAV4 to conceal the kidnappers' identities.

Overt Act No. 3:  On October 27, 2023, defendants BRAR, FRANKLIN, ARAFILES, and HAWKINS, and others known and unknown to the

Grand Jury, used the stolen license plate to disguise the Toyota RAV4 and a paper temporary license plate to disguise another vehicle used in the kidnapping.

<u>Overt Act No. 4:</u>   On October 27, 2023, at approximately 11:38 a.m., defendants BRAR, FRANKLIN, ARAFILES, and HAWKINS, and others known and unknown to the Grand Jury, traveled to Victim S.S.'s residence to scout the location to later burglarize after kidnapping Victim S.S.

<u>Overt Act No. 5:</u>   On October 27, 2023, at approximately 5:00 p.m., defendants BRAR, FRANKLIN, ARAFILES, and HAWKINS, and others known and unknown to the Grand Jury, drove to Victim S.S.'s business property in Lancaster, California (the "Kidnapping Location") to kidnap Victim S.S.

<u>Overt Act No. 6:</u>   On October 27, 2023, at the Kidnapping Location, two kidnappers, who were both armed with firearms, approached Victim S.S. and demanded money, gold, and jewelry from Victim S.S., as one of the kidnappers repeatedly struck Victim S.S. in the temple area.

<u>Overt Act No. 7:</u>   On October 27, 2023, at the Kidnapping Location, a kidnapper took Victim S.S.'s wallet containing approximately $400, Victim S.S.'s driver's license, credit card, and fuel card, and two cellular phones belonging to Victim S.S.

<u>Overt Act No. 8:</u>   On October 27, 2023, at the Kidnapping Location, a kidnapper secured Victim S.S.'s hands behind his back with zip-ties, demanded $100,000 or more from Victim S.S.'s house, and threatened to kill Victim S.S. if he did not comply.

<u>Overt Act No. 9:</u>   On October 27, 2023, at the Kidnapping Location, a kidnapper told Victim S.S., "This is your last day."

1      <u>Overt Act No. 10</u>: On October 27, 2023, at the Kidnapping
2  Location, a kidnapper duct taped a turban over Victim S.S.'s face.
3      <u>Overt Act No. 11</u>: On October 27, 2023, at the Kidnapping
4  Location, kidnappers lifted Victim S.S. into the backseat of a
5  vehicle and drove away.
6      <u>Overt Act No. 12</u>: On October 27, 2023, after some time, the
7  driver, who was also armed with a firearm, stopped the vehicle for
8  two of the kidnappers to exit.
9      <u>Overt Act No. 13</u>: On October 27, 2023, while the vehicle was
10 stopped, one of the kidnappers asked Victim S.S. for the code to
11 Victim S.S.'s garage door and demanded to know where Victim S.S.'s
12 money was while striking Victim S.S. in the head with a firearm.
13     <u>Overt Act No. 14</u>: On October 27, 2023, defendant FRANKLIN and
14 another kidnapper drove Victim S.S. on the 5 Interstate Highway and
15 threw Victim S.S.'s cellular phones out the windows of the vehicle.
16     <u>Overt Act No. 15</u>: On October 27, 2023, at approximately 6:03
17 p.m., defendants BRAR, ARAFILES, and HAWKINS drove to Victim S.S.'s
18 residence to commit a burglary.
19     <u>Overt Act No. 16</u>: On October 27, 2023, defendants ARAFILES and
20 HAWKINS entered Victim S.S.'s residence and looked for valuables for
21 approximately five minutes until a kidnapper with Victim S.S. called
22 them to warn them that Victim S.S.'s wife was tracking his phone and
23 instructed them to leave Victim S.S.'s residence.
24     <u>Overt Act No. 17</u>: On October 27, 2023, defendant FRANKLIN and
25 another kidnapper abandoned Victim S.S. at a location near the
26 Pyramid Lake Recreation Area in Los Angeles County.
27
28

## COUNT TWO

[18 U.S.C. §§ 1201(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about October 27, 2023, in Los Angeles County, within the Central District of California, defendants SHANJEET BRAR, JEROME FRANKLIN, JR., PETER ARAFILES, JR., and ANDRAE HAWKINS, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly, willfully, and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away Victim S.S., and held Victim S.S. for any reason, and used a means, facility, and instrumentality of interstate and foreign commerce, namely, telephones, motor vehicles, and an interstate highway, in committing and in furtherance of the offense.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

///

7

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

DAMARIS DIAZ
Assistant United States Attorney
Acting Chief, Violent & Organized Crime Section

KEVIN J. BUTLER
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section

JENA A. MACCABE
Assistant United States Attorney
Violent & Organized Crime Section